```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
K-MEL T. GRIFFIN,

                Plaintiff,
                                        MEMORANDUM AND ORDER
        -against-                       19-CV-0107(JS)(SIL)

MS. FLUDD, NASSAU COUNTY
CORRECTIONAL CENTER, MEDICAL at
NASSAU COUNTY CORRECTIONAL CENTER,
and INMATES (E1E) SATELITE,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      K-Mel T. Griffin, pro se
                    19-A-1468
                    Downstate Correctional Facility
                    Red Schoolhouse Road
                    P.O. Box F
                    Fishkill, New York 12524

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On January 2, 2019, incarcerated pro se plaintiff K-Mel T. Griffin ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County Sheriff Vera Fludd ("Sheriff Fludd"), the Nassau County Correctional Center (the "Jail"), the "Medical Department" and "Prisoner Holding Center" at the Jail ("Jail Departments"), and "Inmates (E1E) Sate[l]lite" ("Inmates" and collectively, "Defendants"). Plaintiff did not pay the filing fee, nor did he file an application to proceed in forma pauperis with the Complaint. Accordingly, by Notice of Deficiency dated January 7, 2019,

Plaintiff was instructed to either remit the Court's filing fee or to complete and return the enclosed application to proceed in forma pauperis and Prisoner Litigation Authorization form ("PLRA") within fourteen (14) days. (See, D.E. 2.) On January 17, 2019, Plaintiff timely filed an application to proceed in forma pauperis and a completed PLRA. (See, IFP Mot., D.E. 5; PLRA, D.E. 6.) Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).[1]

BACKGROUND[2]

Plaintiff's brief handwritten Complaint is submitted on the Court's Section 1983 Complaint form. In its entirety,

---

[1] On June 6, 2019, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (See, Mot. to Appoint Counsel, D.E. 9.) Given the dismissal of the Complaint, Plaintiff's application for pro bono counsel is DENIED WITHOUT PREJUDICE AND WITH LEAVE TO RENEW upon filing an Amended Complaint in accordance with this Order.

[2] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff alleges:[3]

> On December 11, 2018 in Nassau County Correctional Facility around 2:30 pm, a fight broke out and I ended up getting stabbed numerous times. I was sitting in my cell leaking blood from my left side of my back and my lower back for 6 hours until I got any kind of medical attention. I'm currently still in a lot of pain and I have hard times sleeping and moving around. I was sitting down, playing chess when I got stabbed with an unknown object. I fell to the floor and there was a group of Spanish inmates attacking me. I didn't have time to defend myself because I was being brutally beaten. The officers did not use their mace to stop the inmates from beating on me. I was losing a lot of blood for 6 hours until I was able to get treated.

(Compl. ¶ II.) In the space on the form Complaint that calls for a description of any claimed injuries, Plaintiff alleges:

> I got stabbed in my back and side and I have a minor cut on my chest. Medical only cleaned it and put gauze on the wounds but my back is still currently bleeding and my back is in a lot of pain. Medical is not treating me in the best care.

Compl. ¶ II.A.) As a result of the foregoing, Plaintiff seeks to recover a monetary award in the sum of $25 million. (Compl. ¶ III.)

---

[3] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

4

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

5

A. Claims against Sheriff Fludd

To state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Fludd as a defendant in the caption of the Complaint, she is not again mentioned in the body of the Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to Sheriff Fludd. Because the Complaint is devoid of any allegations sufficient to establish any personal involvement by Sheriff Fludd in the conduct of which Plaintiff complains, Plaintiff's Section 1983 claims against Sheriff Fludd are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. <u>Claims against the Jail and the Jail Departments</u>

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); <u>see</u> <u>also</u> <u>Hawkins v. Nassau Cty. Corr. Fac.</u>, 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's Section 1983 claims against the Jail and the Jail Departments are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

Given Plaintiff's <u>pro</u> <u>se</u> status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

1. <u>Claims as Construed against Nassau County</u>

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. <u>See</u> <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978);

Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the

8

constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, even as construed against Nassau County, the Complaint does not allege a plausible Section 1983 claim.

C. Claims against the Inmates

As noted above (see supra at 5), a plausible Section 1983 claim requires that "the challenged conduct was attributable at least in part to a person acting under color of state law." Rae, 2010 WL 768720, at *4. In other words, Section 1983 liability

9

may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." Nat'l Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (citation omitted). Given that the inmates against whom Plaintiff seeks to impose Section 1983 liability are private persons, they do not act under color of state law.[4] Thus, Plaintiff's Section 1983 claims against the inmates are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defect in Plaintiff's claim against the Jail and the Jail Departments is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against the Jail and the Jail Departments is DENIED. However, in an abundance of caution, Plaintiff is GRANTED

---

[4] Although liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory, see Ciambriello v. Cty. of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002), wholly absent are any allegation such that a conspiracy theory may be reasonably construed.

leave to file an Amended Complaint in order to allege any valid claims he may have against the municipality, Nassau County, and/or any other Defendants in accordance with the guidance set forth above. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 19-CV-0107(JS)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

Plaintiff is further advised that, to state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. Although Plaintiff did not indicate in the Complaint whether he is a sentenced prisoner or a pretrial detainee at the time of the incidents alleged, any Amended Complaint should include such information because his deliberate indifference claims would arise under the Fourteenth Amendment due process clause if he is a pretrial detainee, and the Eighth Amendment if he is a convicted prisoner. However, either way, prison officials who act with mere negligence will not be held liable for constitutional violations

because "any § 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." Darnell v Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017); see also Grimmett v. Corizon Med. Assocs. of N.Y., 15-CV-7351, 2017 WL 2274485, at *4 (S.D.N.Y. May 24, 2017) (holding that more than negligence is required to hold a defendant liable for violating either the Eighth or Fourteenth Amendment) (citing Darnell, 849 F.3d at 36).

Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983; see Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006); nor does a difference of opinion regarding what constitutes an appropriate response and treatment. Ventura v. Sinha, 379 F. App'x 1, 2-3 (2d Cir. 2010). Accordingly, rather than file an Amended Complaint in this Court, Plaintiff may elect to pursue any valid claims, including medical malpractice and/or negligence, in state court.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail and the Jail Departments for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1). Plaintiff's Section 1983 claims against Sheriff Fludd are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii);

1915A(b).

Plaintiff is GRANTED leave to file an Amended Complaint to allege any valid claims he may have against the municipality, Nassau County, and/or any other Defendants in accordance with the guidance set forth above. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 19-CV-0107(JS)(SIL), and shall be filed within thirty (30) days from the date of this Order.
Alternatively, rather than file an Amended Complaint in this Court, Plaintiff may elect to pursue any valid claims, including medical malpractice and/or negligence, in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: July __18__, 2019
       Central Islip, New York