```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
K-MEL T. GRIFFIN,

                    Plaintiff,
                                         MEMORANDUM AND ORDER
          -against-                      19-CV-0107(JS)(SIL)

OFFICER BLUM #3177, MS. FLUDD,
NASSAU COUNTY CORRECTIONAL CENTER,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:       K-Mel T. Griffin, pro se
                     19-A-1468
                     Washington Correctional Facility
                     72 Lock 11 Lane
                     P.O. Box 180
                     Comstock, New York 12821-0180

For Defendants:      No appearances.
```

SEYBERT, District Judge:

By Memorandum and Order dated July 18, 2019 (the "M&O"), the Court granted the application of incarcerated pro se plaintiff K-Mel T. Griffin ("Plaintiff") to proceed in forma pauperis and dismissed his Complaint filed in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County Sheriff Vera Fludd ("Sheriff Fludd"), the Nassau County Correctional Center (the "Jail"), the "Medical Department" and "Prisoner Holding Center" at the Jail ("Jail Departments"), and "Inmates (E1E) Sate[l]lite" ("Inmates"). (See M&O, D.E. 10.) Plaintiff was granted leave to file an Amended Complaint in accordance with the M&O within thirty (30) days from the date of the M&O. Plaintiff requested an

extension of time to file an Amended Complaint and that application was granted. (See D.E. 13; and Aug. 16, 2019 Elec. Order.) On September 13, 2019, Plaintiff timely filed an Amended Complaint pursuant to Section 1983 against Officer Blum #3177 ("C.O. Blum"), Sheriff Fludd, and the Jail. For the reasons that follow, the Amended Complaint does not allege a plausible claim for relief and is thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## THE AMENDED COMPLAINT[1]

The Amended Complaint is submitted on a form from the United States District Court for the Northern District of Illinois, Western Division, and alleges that Plaintiff's claims are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. (Am. Compl., D.E. 14.) The facts alleged in Plaintiff's Statement of Claim are nearly identical to those alleged in the original Complaint. In its entirety, the Amended Complaint alleges:[2]

> On December 11, 2018, a fight had broke out in which I ended up getting stabbed numerous times. Correctional Officer Blum, Badge number 3177 was in the dorm area when it

---

[1] All material allegations in the Amended Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

2

> occurred and failed to break it up or use his state issued mace to stop my assailants.
>
> Nassau County Medical left me in my cell bleeding for 6 and a half hours without any medical attention and left me with open wounds bleeding without any proper stitches.
>
> Failing to break up altercation as it was happening. Failed at care, custody and control.
>
> Officer Blum Badge # 3177 failed to get me medical attention as soon as possible after I got stabbed.
>
> Nassau County failed to put keep separates on all parties after the incident. I seen the person who stabbed me plenty of times after.

(Am. Compl. ¶ IV.) Plaintiff does not seek any relief and has left blank the space on the form Complaint that calls for a statement of "exactly what you want the court to do for you." (Am. Compl. ¶ V.)

### DISCUSSION

I. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint or amended complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u>

3

plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint or amended complant must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

4

party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

A.  Claims Against Sheriff Fludd

As the Court made clear in the M&O, "[i]n order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010)." (See M&O at 6.) "A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010)." (See M&O at 6.)

Here, like the original Complaint, although Plaintiff names Sheriff Fludd as a Defendant in the caption of the Amended Complaint, she is not again mentioned in the body of the Amended Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to Sheriff Fludd. Because the Amended Complaint, like the original Complaint, is devoid of any

5

allegations sufficient to establish any personal involvement by Sheriff Fludd in the conduct of which Plaintiff complains, Plaintiff's Section 1983 claims against Sheriff Fludd are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. <u>Claims Against the Jail</u>

Notwithstanding the fact the Plaintiff's claims against the Jail were dismissed with prejudice (<u>see</u> M&O at 7) and the Court did not grant Plaintiff leave to amend his claims against the Jail (<u>see</u> M&O at 10), Plaintiff continues to name the Jail as a Defendant. Accordingly, for the same reasons set forth in the M&O, Plaintiff's Section 1983 claims against the Jail are not plausible and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). (<u>See</u> M&O at 7, citing <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.").[3]

---

[3] Nor has Plaintiff followed the guidance set forth in the M&O (at 7-9) with regard to the requirements of a plausible Section 1983 claim against the municipality, Nassau County. Wholly absent from Amended Complaint are any factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County.

6

C. Claims Against C.O. Blum

Federal Rule of Civil Procedure 8 provides, in relevant part, that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(3). When a complaint or amended complaint fails to satisfy the Rule 8 pleading standard, including a demand for relief, a district court may dismiss it sua sponte. France v. Nassau Cnty. Jail, No. 14-CV-2547, 2014 WL 1871937, *5 (E.D.N.Y. May 6, 2014) (dismissing pro se complaint that, inter alia, did not seek any relief); see also Rodriguez v. Nassau Cnty. Police Dept., No. 18-CV-00203, 2018 WL 2725421, *4 (E.D.N.Y. June 6, 2018) (sua sponte dismissal of pro se complaint that did not seek any relief as is required by Federal Rule of Civil Procedure 8(a)(3)). Accordingly, in the absence of a demand for any relief against C.O. Blum, Plaintiff has not complied with Rule 8's requirements. Given that Plaintiff has not alleged a plausible claim for relief, his claims against C.O. Blum are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave

to further amend is warranted here.  In an abundance of caution and given Plaintiff's pro se status, Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT IN ACCORDANCE WITH THIS ORDER AND THE M&O.  Plaintiff is advised that the Second Amended Complaint will completely replace his prior pleadings.  Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.  However, Plaintiff may not include claims against the Jail in any further pleadings given that the Jail lacks the capacity to be sued and his claims against the Jail have already been dismissed with prejudice.  (See supra at 6, see M&O at 7.)  The Second Amended Complaint must clearly be labeled "Second Amended Complaint", shall bear the same docket number as this Order, 19-CV-00107(JS)(SIL), and shall be filed within thirty (30) days from the date of this Order.  If Plaintiff does not file a Second Amended Complaint within the time allowed, judgment shall enter without further notice.

Plaintiff is further advised that, to state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. Although Plaintiff did not indicate in the Complaint or Amended Complaint whether he is a sentenced prisoner or a pretrial detainee at the time of the incidents alleged, Plaintiff should include such information because his deliberate indifference claims would

arise under the Fourteenth Amendment due process clause if he is a pretrial detainee, and the Eighth Amendment if he is a convicted prisoner. However, either way, prison officials who act with mere negligence will not be held liable for constitutional violations because "any § 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." Darnell v Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017); see also Grimmett v. Corizon Med. Assocs. of N.Y., No. 15-CV-7351, 2017 WL 2274485, at *4 (S.D.N.Y. May 24, 2017) (holding that more than negligence is required to hold a defendant liable for violating either the Eighth or Fourteenth Amendment) (citing Darnell, 849 F.3d at 36).

Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983; see Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006); nor does a difference of opinion regarding what constitutes an appropriate response and treatment. Ventura v. Sinha, 379 F. App'x 1, 2-3 (2d Cir. 2010). Accordingly, rather than file a Second Amended Complaint in this Court, Plaintiff may elect to pursue any valid claims, including medical malpractice and/or negligence, in state court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail for failure to state a claim pursuant to 28 U.S.C.

9

§§ 1915(e)(2)(B)(ii), 1915A (b)(1).  Plaintiff's Section 1983 claims against Sheriff Fludd and C.O. Blum are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

Plaintiff is GRANTED leave to file a Second Amended Complaint in order to allege any valid claims he may have against any Defendant(s) other than the Jail in accordance with the guidance set forth above and in the M&O.  The Second Amended Complaint shall be clearly labeled "Second Amended Complaint", shall bear the same docket number as this Order, 19-CV-00107(JS)(SIL), and shall be filed within thirty (30) days from the date of this Order.

Alternatively, rather than file a Second Amended Complaint in this Court, Plaintiff may elect to pursue any valid claims, including medical malpractice and/or negligence, in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: January  9 , 2020
       Central Islip, New York